UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JAMES THURMAN, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:23-CV-122-TAV-JEM |
| CAMERON CORDELL, *et al.*, | ) | |
| Defendants. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff, who is housed at the Irwin County Detention Center is Ocilla Georgia, filed an Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 1] and a pro se complaint under 42 U.S.C. § 1983 [Doc. 2]. Because Plaintiff has filed at least three (3) lawsuits that the Court dismissed as frivolous, malicious, or for failure to state a claim, and no exception applies, the Court **RECOMMENDS** that the District Judge bar him from proceeding in forma pauperis under 28 U.S.C. § 1915(g). Should the District Judge accept this recommendation, and if Plaintiff wishes to continue with this action, he must pay the full civil filing fee applicable to those who are not permitted to proceed in forma pauperis.

The Prison Litigation Reform Act ("PLRA") contains a "three strikes" provision, 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff has filed at least three cases while incarcerated, each of which, the Court dismissed as frivolous, or malicious, or for failure to state a claim upon which relief may be granted. *See Thurman v. Saxe*, No. 1:22-cv-257, Doc. 18 (E.D. Tenn. Mar. 31, 2023) (dismissing the case because his claims were either time barred or lack an arguable basis in law); *Thurman v. Saxe*, No. 1:22-cv-39, Doc. 10 (E.D. Tenn. Mar. 24, 2022) (dismissing the action as frivolous); *Thurman v. Guy*, No. 3:16-cv-581, Doc. 16 (E.D. Tenn. Mar. 29, 2019) (dismissing the action for failure to state a claim upon which relief may be granted).[1]

Under the "three strikes" provision of the PLRA, Plaintiff cannot file this suit—or any future suit in forma pauperis—unless he can demonstrate that he is "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). To be eligible for the "imminent danger of serious physical injury" exception, Plaintiff "must plausibly allege such a danger." *Gresham v. Meden*, 938 F.3d 847, 849 (6th Cir. 2019) (citing *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013)). "A physical injury is 'serious' for purposes of § 1915(g) if it has potentially dangerous consequences such as death or severe bodily harm. Minor harms or fleeting discomfort don't count." *Id.* at 850. In addition, the plaintiff must "show that his complaint alleged facts from which a court, informed by its judicial experience and common sense could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint." *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012) (cleaned up). In other words, the "imminent danger . . . must be real and proximate[.]" *Rittner v. Kinder*, 290 F. App'x 796, 797–98 (6th Cir. 2008) (citation omitted). "[A] prisoner's assertion that he or she faced danger in

---

[1] Recently, Untied States District Judge Clifton Corker referred Plaintiff "to Chief Judge Travis R. McDonough for review and determination of whether an injunction is appropriate based on Plaintiff's repeated filing of frivolous lawsuits in this district." *Thurman v. Mr. Mike Monillie and Miss Mike Monillie*, No. 2:23-cv-33, Doc. 5 (E.D. Tenn. Apr. 12, 2023). District Judge Corker referenced eleven lawsuits that the Court found to be frivolous [*Id.* at 1 n.1].

the past is insufficient to invoke the exception." *Id*. (citation omitted).

Plaintiff names "Mr. and Miss Cameron Cordell" as Defendants in this case [Doc. 2 p. 3]. According to Plaintiff, Officer Cordell has been illegally spying on him with the help of Officer Jared Price and Miss Cordell, who is not an officer [*Id*. at 2–3]. He needs them to stop harassing him, and he seeks compensation in the amount of $7.5 million [*Id*. at 4]. Based on these allegations, Plaintiff has not plausibly alleged that he was "under imminent danger of serious physical injury" when he filed his Complaint, or even now, while he is housed at the Irwin County Detention Center. The Court recommends that Plaintiff pay the filing fee if he wishes to pursue this case.

### III. CONCLUSION

For the reasons stated above, the Court **RECOMMENDS**[2] that the District Judge **DENY** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 1**].[3]

---

[2] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

The Court further **RECOMMENDS** that Plaintiff be afforded twenty-one (21) days to pay the filing fee and advised that the failure to do so will result in a dismissal of his case without prejudice.

Respectfully submitted,

Jill E. McCook
United States Magistrate Judge